UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
ANTONIO HENDERSON,                              : CASE NO. 1:19-CV-00885
                                                :
       Plaintiff,                               :
                                                :
vs.                                             : OPINION & ORDER
                                                : [Resolving Doc. No. 1]
CORE CIVIC, *et al.*,                           :
                                                :
       Defendants.                              :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    *Pro se* Plaintiff Antonio Henderson filed this action against Core Civic, Lake Erie Correctional Institution ("LECI") Corrections Officer Ms. Horn and LECI Corrections Officer Mr. Plats. Plaintiff alleges he was attacked and threatened by gang members. He contends Horn and Plats were on duty in his housing unit on the morning of the attack and were negligently failed to protect him. He seeks monetary damages.

    Plaintiff alleges that in the early morning hours of April 3, 2019, four inmates entered his dorm and assaulted him while he was sleeping. He states a gang leader ordered the assault. He contends Horn and Plats were on duty in his housing unit the morning of the assault and were negligent in keeping him safe from harm. He indicates he was called to the office later that morning and was asked to view a video surveillance tape and verify that he was the inmate under attack. He confirmed the incident and headed to the medical department to treat his injuries. Three days later, Plaintiff alleges he was approached in the yard and was threatened by other gang members seeking to hold Plaintiff responsible for their fellow gang members'

placement in segregation. He attempted to meet with the leader of the gang to reason with him but the gang leader told him he would have to pay $2500.00 or he would be stabbed. At that point, Plaintiff reported the threats to prison administrators who moved him to another housing unit. He met with an Ohio State Highway Patrol officer who indicated a transfer to another institution may be required.

Although the Court does not hold *pro se* pleadings to the same standard as those filed by attorneys, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] A cause of action fails to state a claim upon which relief may be granted when it does not contain enough facts to suggest Plaintiff has a plausible claim that entitles him to the relief he seeks.[2]

When reviewing the Complaint under § 1915(e), the Court must read it in a way that is the most favorable to the Plaintiff.[3]

Prison officials can be held liable for an Eighth Amendment violation when the official is deliberately indifferent to a substantial risk of serious harm to an inmate.[4] The failure to segregate violent inmates from non-violent inmates can constitute "deliberate indifference" if there is a pervasive risk of harm or if the victim belonged to an identifiable group of prisoners for whom risk of assault is a serious problem.[5] The inmate, however, must show that

---

[1] *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).
[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).
[3] *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).
[4] *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).
[5] *Street v. Corrections Corporation of America*, 102 F.3d 810, 814 (6th Cir. 1996); *Marsh v. Arn*, 937 F.2d 1056, 1061 (6th Cir. 1991).

Defendants were aware of this risk and acted with a sufficiently culpable state of mind in failing to address it.[6]  Plaintiff does not allege facts suggesting Horn or Plats or Plaintiff himself was aware that Plaintiff was in danger prior to the assault or that they failed to take appropriate actions when he made prison officials aware of the situation.  He indicates, without explanation, that Horn and Plats were negligent in failing to ensure his safety.  Negligence alone is not sufficient to support an Eighth Amendment claim.[7]

Accordingly, this action is dismissed under 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[8]

IT IS SO ORDERED.

Dated: July 15, 2019             *s/     James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE

---

[6] *Id.*
[7] *Whitley v. Albers*, 475 U.S. 312, 319 (1986).
[8] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.